IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00943-PAB-KLM

JEFFREY M. ZARING,

    Petitioner,

v.

RON WILEY, Warden,

    Respondent.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Docket No. 2; Filed April 24, 2009] filed by Jeffrey M. Zaring ("Applicant"). Respondent filed an Answer to Application for Writ of Habeas Corpus on August 13, 2009 [Docket No. 20] ("Answer Brief"). Given the clarity of the parties' positions and the law in this area, the Court sees no need for review of any traverse. *See* D.C. Colo. L. Civ. R. 7.1(C) (noting that the Court is not obligated to wait for completion of briefing and may rule at any time). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L. Civ. R. 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the Application be **GRANTED in part and DENIED in part**.

    **I.    Statement of the Case**

    At the time of the Application's filing, Applicant was incarcerated by the Bureau of Prisons ("BOP") at the Federal Prison Camp in Florence, Colorado ("FPC-Florence").

*Application* [#2] at 1. He is serving a 121-month sentence for possession with the intent to distribute methamphetamine. *Answer Brief* [#20] at 1. He has a projected release date of February 26, 2014 [Docket No. 20-2 at 3].

While incarcerated at FCP-Florence, Applicant sought placement at a Community Confinement Center ("CCC") or Residential Reentry Center ("RRC").[1] *See Application* [#2] at 2. In June 2008, Applicant submitted an informal request for consideration for placement in a CCC/RRC pursuant to the five factors set forth in 18 U.S.C. § 3621(b) [Docket No. 20-2 at 13].[2] His request was denied and Applicant appealed this rejection via the administrative review process. *See Application* [#2] at 3. The final step of the administrative review process involves submitting an appeal to the Central Administrative Office of the BOP. In November 2008, Applicant submitted the final appeal regarding his desire to be considered for placement at a CCC/RRC pursuant to the factors set forth in 18 U.S.C. § 3621(b). *Id.* at 6-7. His appeal was denied by the BOP's Director of National Inmate Appeals, Harrell Watts, on February 11, 2009. *Id.* at 8. Director Watts noted that "the Warden and Regional Director have adequately responded to your concerns. . . . [I]t is appropriate to review you for placement no sooner than 19 months [prior to] your projected release date of February 2[6], 2014." *Id.* While Director Watts acknowledged that determination for placement must

---

[1] According to a BOP memorandum attached to the Application, the terms CCC and RRC appear to be synonymous with each other and refer generally to facilities that offer programs and services geared at better enabling a prisoner to re-enter the community after incarceration. *November 14, 2008 Memorandum* [#2] at 11.

[2] Section 3621 denotes five factors BOP staff should consider prior to making any placement decision regarding an inmate's incarceration, including: (1) the resources available at a particular facility; (2) the nature and circumstances of the inmate's crime; (3) the history and characteristics of the inmate; (4) any Court direction or recommendation regarding the location of imprisonment; and (5) any applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

be made "on an individual basis based on [the factors] as established at 18 U.S.C. § 3621(b)," he does not indicate that he or his predecessors considered any of these factors.

In the Application before the Court, Applicant contends that the BOP is required to make a good faith assessment of Applicant's placement by considering the five factors set forth in 18 U.S.C. § 3621(b). *Id.* at 3. Applicant contends that "[t]he response of the Central Office demonstrates the facts. . . . It is an abuse of discretion to deny consideration until a finite date, as the Court has deemed that Respondent may not refuse to honor the clear language of Congress and set a date when only he will consider Applicant for placement." *Id.* He requests, among other things, that the Court "order that the Respondent immediately comply with this Court's grant of the Application and a serious consideration consistent with both the § 3621(b) statute and the [BOP] Memorandum [interpreting the statute] . . . ." *Id.* at 5.

Respondent counters that Applicant "has approximately five years remaining on his sentence. As such, he is not currently appropriate for placement into a RRC. . . . In addition, until a time approaching the remaining 12 months of his sentence, the Bureau is not able to consider Section 3621's factors . . . . Requiring the Bureau to make a RRC determination at this early date would be inconsistent with the statute, inappropriate and plainly unreasonable." *Answer Brief* [#20] at 5-6. Respondent also argues that the Court lacks jurisdiction to consider this matter. *Id.* at 2-4.

In addition, Respondent informs the Court that, after the filing of this Application, Applicant was provided additional reviews of his request for placement in a CCC/RRC. *Answer Brief* [#20] at 1-2. He was again rejected for placement. Specifically, on May 19,

2009, Applicant was informed by a reviewer at the FPC that "[d]ue to the amount of time remaining to serve[,] it has been determined that you are not appropriate for RRC placement [at] this time, however, when you . . . have approximately 18 months remaining to serve, we will consider you for placement . . ." [Docket No. 20-2 at 7]. The reviewer also appeared to consider the fourth factor set forth in § 3621, namely that the sentencing "court did not recommend an RRC specifically" [Docket No. 20-2 at 8]. Again, on June 1, 2009, a member of Applicant's unit team informed him that "[i]t has been determined that at this particular time, you are not appropriate for placement in an RRC. However, when you are approximately 18 months to release, we will again consider your request for RRC placement . . ." [Docket No. 20-2 at 11].

For the reasons set forth below, I find that Respondent's stated position, namely that he is not required to consider the factors set forth in § 3621(b) until Applicant is nearing his twelve-month pre-release window, is at odds with controlling precedent in this area and the BOP's own policies. I also note that the reviews Applicant received after the filing of his Application fare no better than the prior reviews he received and are equally without legal justification. Finally, I reject Respondent's contention that the Court lacks jurisdiction over this issue.

    **II.    Jurisdiction**

As a preliminary matter, Respondent argues that the Court lacks jurisdiction to resolve the Application pursuant to 28 U.S.C. § 2241 because Applicant "is not challenging the fact or duration of his confinement." *Answer Brief* [#20] at 2. This argument is not well received. The issue raised by Applicant has been a frequent subject of litigation in this Circuit via habeas application. *See, e.g., Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir.

2007); *Bell v. Wiley*, 481 F. Supp. 2d 1168 (D. Colo. 2007); *Quintero v. Wiley*, No. 09-cv-01123-BNB, 2009 WL 1972247 (D. Colo. July 2, 2009) (unpublished decision). Further, the Court notes that in a July 9, 2009 decision issued by the District Court for the District of Kansas, an inmate attempted to pursue a related request for relief via writ of mandamus. *See Hall v. BOP*, No. 09-3052-RDR, 2009 WL 2009007 (D. Kan. July 9, 2009) (unpublished decision). The petition was dismissed without prejudice and "[t]he clerk [was] directed to send plaintiff forms for filing a § 2241 petition . . . ." *Id.* at *4. Other than nonbinding precedent from the Ninth Circuit, Respondent raises no plausible argument for resolution of this issue differently from the cases cited above and, in fact, fails to address the Tenth Circuit's prior jurisprudence to the contrary. Given that this issue has been consistently and repeatedly addressed in this Circuit via habeas application, I decline to consider other courts' handling of similar issues.

### III. Standard of Review

In essence, Applicant is challenging the execution of his federal sentence pursuant to 28 U.S.C. § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Because Applicant is proceeding *pro se*, the Court must construe his Application liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not the nonmoving party's advocate and must nevertheless deny an application that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

### IV. Analysis

5

The Tenth Circuit's decision in *Wedelstedt v. Wiley* determines the outcome of Applicant's Application and, indeed, should have clearly shaped Respondent's handling of this issue during Applicant's administrative review process. *See Wedelstedt*, 477 F.3d at 1166-69. In *Wedelstedt*, the Tenth Circuit resolved the apparent conflict between 18 U.S.C. § 3621(b) and § 3624(c). The BOP had taken the position that it was permitted by law to "categorically refuse to consider whether the five statutory factors [set forth in § 3621(b)] would, nonetheless, weigh in favor of earlier CCC placement" than authorized by § 3624(c).[3] *Id.* at 1167. The Tenth Circuit determined that despite § 3624(c)'s apparent direction to the contrary, such direction "has no bearing on whether a CCC may be considered as a place of imprisonment *at some earlier point* in a prisoner's period of incarceration." *Id.* at 1166 (emphasis added). Rather, "Section 3621(b) articulates clear and unambiguous congressional intent that *all placement and transfer determinations* be carried out with reference to each of the five factors enumerated in § 3621(b)(1)-(5)." *Id.* (emphasis added); *see also Bell*, 481 F. Supp. 2d at 1178 ("Because the statutory language is clear that consideration of the five placement/transfer factors is mandatory, . . . the BOP may not promulgate a categorical rule that forecloses evaluation of those factors for CCC placement prior to [the inmate's pre-release window].").

Following the Tenth Circuit's decision in *Wedelstedt*, the General Counsel of the

---

[3] At the time of the Court's opinion, § 3624 directed the BOP to "assure that a prisoner serving a term of imprisonment spend[] a reasonable part [of his or her term], not to exceed *six months*, . . . under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community." 18 U.S.C. § 3624(c) (2006) (emphasis added). Since *Wedelstedt*, § 3624 has been amended to increase the amount of time an inmate is eligible for CCC/RRC placement to a maximum allowable *twelve months*, as opposed to six months. 18 U.S.C. § 3624(c) (2008).

BOP issued a memorandum to provide further "guidance to [Bureau] staff for considering and responding to inmate requests for transfer to [RRCs], when more than twelve months remain from their projected release date." *November 14, 2008 Memorandum* [#2] at 9. Although the dates when Applicant received his first and second review responses during the administrative review process are unclear, the Court notes that Director Watts denied Applicant's final appeal *after* the BOP memorandum was circulated. The BOP memorandum clearly conveys to BOP staff that regardless of the language of § 3624(c), "[i]nmates are legally eligible to be placed in an RRC *at any time* during their prison sentence." *Id.* (emphasis added).

> Staff cannot, therefore, <u>automatically</u> deny an inmate's request for transfer to a RRC. Rather, inmate requests for RRC placement must receive individualized consideration. In other words, staff <u>cannot</u> say that an inmate, whatever the circumstances, is <u>automatically ineligible</u> for transfer to a RRC. Rather, staff must first review the inmate's request on its individual merits, in accordance with policy, and as explained in this guidance.
>
> If an inmate requests transfer to an RRC prior to the pre-release time frame of 12-months from release, staff must individually consider the request, just as they would any other request for lower security transfer. There is no need, however, to immediately perform the individualized review at the moment it is submitted. Rather, the inmate should be informed that his/her request will be fully reviewed in conjunction with the next scheduled Program Review.
>
> When informing inmates of the timing for review of transfer requests, it is vitally important that staff <u>not</u> inform the inmate (either orally or in writing) that he/she is <u>ineligible</u> for transfer to a RRC. Telling an inmate that he/she is <u>ineligible</u> for RRC placement is the same as <u>automatically</u> denying the inmate from even being considered for such placement, and is not in accord with Bureau policy.

*Id.* at 9-10 (emphasis in original) (footnote omitted).

The BOP appears to have comprehended the import of the law in this area, including case holdings preceding *Wedelstedt*, and to have issued appropriate directions regarding

7

how a facility should handle requests to be considered for transfer to a CCC/RRC. *See, e.g.*, *Levine v. Apker*, 455 F.3d 71, 87 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. BOP*, 432 F.3d 235, 247, 250-51 (3d Cir. 2005). However, the grievance responses attached to the pleadings and, indeed, assertions made by Respondent in the Answer Brief, clearly convey that Respondent, his counsel, others up the chain of review regarding Applicant's grievance, and Applicant's unit team, fail to grasp the significance of the holding in *Wedelstedt* or the BOP's instructions and instead continue to categorically deny consideration based upon an arbitrary time frame.

Specifically, Director Watt's response to Applicant's final appeal and Applicant's most recent May and June 2009 informal reviews show the Court that Applicant has been consistently told that he will not be considered for placement at a CCC/RRC until he is within 18-19 months of his projected release date [Docket No. 20-2 at 7-8]. Application [#2] at 8, 21, 23 & 26; *see also Answer Brief* [#20] at 5-6 (erroneously noting that because Applicant has five years left on his sentence, he is not eligible for placement in a CCC/RRC or even for consideration of § 3621's five factors).[4] These statements can only reasonably be interpreted to mean that the reviewers determined Applicant to be ineligible for the requested placement for no other reason than the amount of time left to be served on his sentence. While Director Watts also mentioned the five factors to be considered pursuant to § 3621(b), there is no indication that he, or any earlier reviewer, actually considered these factors before categorically denying Applicant's request due to the length of time left

---

[4] These determinations do not account for the clear mandate of § 3621 and *Wedelstedt* that all inmates, even if not nearing their pre-release window, cannot be categorically denied consideration without an individualized review of the five placement factors.

on his sentence. Mere mention of the factors is no substitute for actual <u>consideration</u> of them, or for an explanation as to the effect of such consideration. Both are lacking here. Moreover, the Court notes that the May 2009 reviewer's apparent consideration of one of the five factors in conjunction with the categorical rejection of Applicant for CCC/RRC placement does not satisfy Respondent's obligation.

Furthermore, Respondent's contentions – that until Applicant is near his twelve-month pre-release window (1) the BOP "is not able to consider Section 3621's factors" and (2) that requiring anything more of the BOP would be "inconsistent with the statute, inappropriate and plainly unreasonable" – are flatly wrong. *See Answer Brief* [#20] at 5-6. The Court notes that nowhere within the seven-page Answer Brief does Respondent cite *Wedelstedt* or the BOP memorandum, both of which clearly contradict these contentions. I find that Applicant has been consistently denied his request for consideration for placement in a CCC/RRC for the sole reason that he is ineligible for such consideration until he is within a 18-19 month window of his release date. Such action is not in accordance with 18 U.S.C. § 3621(b), *Wedelstedt*, or BOP policy.

### V. Conclusion

As set forth above, I respectfully **RECOMMEND** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **GRANTED in part and DENIED in part**. To the extent that Applicant requests consideration for placement in a CCC/RRC pursuant to 18 U.S.C. § 3621(b) and clearly established law, I recommend that the Application be **granted**. However, to the extent that Applicant requests immediate consideration or data from Respondent regarding placement decisions of other inmates, I recommend that the

Application be **denied**. My recommendation is explained in more detail below.

I **RECOMMEND** that Respondent be required to consider Applicant for placement in a CCC/RRC, in good faith and in accordance with 18 U.S.C. § 3621(b). Respondent shall provide Applicant with a written explanation of the placement decision ultimately made. Contrary to Applicant's request, however, this review need not be immediate. *See Application* [#2] at 5. Rather, in accordance with BOP policy, the Court recommends that the review occur at Applicant's next program review, if he asks for it. *See November 14, 2008 Memorandum* [#2] at 10. The Court takes no position as to whether Applicant should be transferred to a CCC/RRC and notes only that Respondent must meaningfully consider the five factors set forth in § 3621, and evidence the same, prior to any determination regarding Applicant's placement.[5]

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.

---

[5] I also decline to recommend that Respondent be ordered to provide data relating to the number of inmates he has placed in a CCC/RRC in the past three years. *See Application* [#2] at 5. This Application deals exclusively with Respondent's treatment of Applicant's request for placement, and Respondent's handling of other similar requests is not relevant to the ultimate relief sought here.

*United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 27, 2009

                                                   BY THE COURT:

                                                   s/ Kristen L. Mix
                                                   U.S. Magistrate Judge
                                                 Kristen L. Mix