# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Philip A. Brimmer

Civil Case No. 09-cv-00943-PAB-KLM

JEFFREY M. ZARING,

    Petitioner,

v.

RON WILEY, Warden,

    Respondent.

_____

# ORDER
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 21], which recommends that the Court grant in part and deny in part the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Application") [Docket No. 2] filed by petitioner Jeffrey M. Zaring. On October 2, 2009, respondent Ron Wiley filed timely objections [Docket No. 24] to the Recommendation. Petitioner has filed a response (which he calls a "reply") [Docket No. 25] to the objections and, at the Court's invitation, an additional "reply" [Docket No. 28].

    **A. Background**

Petitioner is serving a 121-month sentence at the Federal Prison Camp in Florence, Colorado for possession with intent to distribute methamphetamine. Return to Petition for Writ of Habeas Corpus ("Return") [Docket No. 20] at 1. His projected

release date is February 26, 2014.  *Id.*  In his Application, petitioner alleges that he asked the Bureau of Prisons ("BOP") to consider him for placement in a residential re-entry center ("RRC").  Application at 2.  The BOP denied his request.  Petitioner then appealed that decision through the administrative review process until it was denied by Harrell Watts, the Administrator of National Inmate Appeals, on February 11, 2009.  Application at 8.  In his appeal, petitioner asked that his request be evaluated pursuant to the five factors set out in 18 U.S.C. § 3621(b) and in accordance with the Tenth Circuit Court of Appeals' decision in *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007).  Respondent does not dispute that petitioner's claim is exhausted.  *See* Preliminary Response [Docket No. 8].

Petitioner filed the Application on April 24, 2009, claiming that respondent's decision, by failing to evaluate his RRC placement request according to the five factors in § 3621(b) and instead merely denying his request until 17-19 months before his projected release date, violates both § 3621(b) and *Wedelstedt.*

On April 28, 2009, in connection with a scheduled program review, petitioner filed an Inmate Request to Staff [Docket No. 20-2 at 11] indicating that he wished to document any of the five factors that would keep the BOP from transferring him to an RRC.  On June 1, 2009, BOP staff noted on the bottom of his April 28, 2009 Request that petitioner's request for RRC placement was reviewed on May 31, 2009 and petitioner is "not appropriate for placement in an RRC."  Docket No. 20-2 at 11.  On May 19, 2009, the BOP completed a "Review for Residential Reentry Center" form

2

[Docket No. 20-2 at 7] which reviewed various factors concerning petitioner's request for RRC placement. At the bottom of the form it says, "Due to the amount of time remaining to serve it has been determined that you are not appropriate for RRC placement @ this time, however, when you have approximately 18 months remaining to serve, we will consider you for placement in an RRC for up to 1 yr." The form is signed by a Unit Manager and indicates "Inmate notified on: 06/02/09." Docket No. 20-2 at 7.

The Recommendation found that Administrator Watt's denial of petitioner's appeal violated § 3621(b) by providing no indication that he or any earlier reviewer actually considered the five factors before denying petitioner's appeal merely due to the length of time left on his sentence. Recommendation at 8-9. In regard to the May 19, 2009 BOP form, the Recommendation found that the reviewer appeared to consider the fourth factor set out in § 3621(b), namely, that the sentencing court did not recommend an RRC. Recommendation at 4. However, the Recommendation otherwise found the May 19, 2009 form deficient. *Id.* at 9. The Recommendation recommended that petitioner's request for immediate consideration or RRC placement information on other inmates be denied and that the Court grant the Application to the extent that the Court order respondent to consider petitioner, in good faith and in accordance with § 3621(b), at petitioner's next program review. Recommendation at 9-10.

**B. Analysis**

Respondent makes two objections to the Recommendation. First, respondent objects to that portion of the Recommendation rejecting the jurisdictional argument

made in his Return. Respondent argues that the Court lacks jurisdiction to consider the Application because it was brought pursuant to 28 U.S.C. § 2241, which, like other habeas corpus statutes, provides relief only for prisoners seeking release from custody. Because an RRC placement does not involve a release from custody, respondent claims that the Court lacks subject matter jurisdiction under § 2241 to consider the Application. Objections at 3-9. Second, respondent objects to the Recommendation's conclusion that the May 19, 2009 BOP form does not comply with § 3621(b). Respondent does not object to the Recommendation's conclusion that Administrator Watt's February 11, 2009 denial of petitioner's appeal is deficient.

Petitioner's first reply brief addresses the jurisdictional issue and his second reply brief states that the May 19, 2009 form relates to evaluations under the Second Chance Act, 18 U.S.C. § 3624(c), rather than to evaluations under 18 U.S.C. § 3621(b).

The Court does not need to address respondent's jurisdictional argument because another jurisdictional principle – mootness – requires dismissal of the Application. The Application claims that the BOP failed to evaluate petitioner's request for RRC placement according to the five factors in § 3621(b). However, it is clear that the BOP did consider these five factors in the May 19, 2009 "Review for Residential Reentry Center" form.[1]

---

[1] Petitioner is correct that the form references the Second Chance Act in the heading. However, that does not mean the form pertains only to RRC placement in the last twelve months of a prisoner's sentence pursuant to 18 U.S.C. § 3624(c)(1). The BOP must evaluate both "pre-release" inmates under § 3624(c) and inmates requesting

4

The first factor listed in § 3621(b) is "the resources of the facility contemplated." The form contains a heading for that factor, with pre-printed, as opposed to handwritten, areas that were considered relating to job, transportation, housing and medical needs. While the pre-printed words of this form do not reflect consideration of a specific facility, the form does reflect individualized consideration of petitioner's resources, planned residence upon release, and job skills, which are relevant to placement considerations.[2]

The second factor listed in § 3621(b) is "nature and circumstances of the offense." The form has a heading with those words and next to that heading is handwriting that lists Possession with Intent to Distribute Methamphetamine, which is the offense for which petitioner is serving his sentence.

The third factor under § 3621(b) is "history and characteristics of the prisoner." Once again, the form contains a corresponding heading. Under this heading, the form has handwritten entries that provide specific information about the petitioner on the following information: "Educational/Vocational Participation," "FRP Participation," "Work

---

transfers pursuant to § 3621(b) on an individualized basis in reference to the five factors in § 3621(b). *See* 18 U.S.C. § 3624(c)(6); *Garza v. Davis*, --- F.3d ----, 2010 WL 537769, at *3 (10th Cir. Feb. 17, 2010) (noting that a November 14, 2008 BOP memorandum requires the BOP to give individualized consideration to requests for transfer when more than twelve months remain from an inmate's projected release date) . Thus, the form can be used for both purposes.

[2]The court in *Wedelstedt* did not list this factor as one having an "individualized nature." 477 F.3d at 1168.

Performance," "Counseling Programs," "RPP Participation," "Discipline History," and "Relevant prior record."

The fourth factor under § 3621(b) is "any statement by the court that imposed the sentence." The form contains a heading to that effect and notes on the back of the form that the court recommended a "federal facility in Safford, AZ or Sheridan, Oregon" and that "the court did not recommend an RRC specifically."

The fifth factor under § 3621(b) is "any pertinent policy statement issued by the U.S. Sentencing Commission." A heading to this effect on the form notes the petitioner's guideline range under the U.S. Sentencing Commission guidelines and the fact that the petitioner's sentence was within the guidelines.

The Court finds that the May 19, 2009 form demonstrates that the BOP did consider each of the five factors in relation to petitioner's request for placement in an RRC and did so in good faith. Moreover, the fact that the BOP considered the time remaining on petitioner's sentence is permissible and relevant under § 3621(b). *See Miller v. Whitehead*, 527 F.3d 752, 757 (8th Cir. 2008). As a result, petitioner received what he was entitled to under 18 U.S.C. § 3621(b) – individualized consideration of the five factors. *See Neal v. Sanders*, No. CV 08-8125-CJC (RNB), 2009 WL 4906535 (C.D. Cal. Dec. 18, 2009) at *6, and cases cited therein.

Given that petitioner received individualized consideration of his RRC placement request under § 3621(b), the Application is now moot. A case is moot when the issues presented are no longer "live." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The

Court lacks jurisdiction to consider any case that has "lost its character as a present, live controversy," *Hall v. Beals*, 396 U.S. 45, 48 (1969). Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live controversy, mootness is a jurisdictional issue. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Because petitioner received the relief he was entitled to under § 3621(b) on May 19, 2009, there is no longer a "live" controversy.[3] Accordingly, it is

ORDERED that the Court rejects that portion of the Recommendation [Docket No. 21] recommending that the Court order respondent Ron Wiley to consider petitioner Jeffrey M. Zaring's Application in good faith and in accordance with 18 U.S.C. § 3621(b). It is further

ORDERED that the Court accepts those portions of the Recommendation recommending denial of the Application. It is further

ORDERED that the Application [Docket No. 2] is dismissed as moot. It is further

---

[3]Although petitioner asked for other forms of relief than consideration of his RRC request, the Recommendation recommends that the Court deny such requests, and petitioner has not objected.

ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED March 9, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge